**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| FRIENDS OF ANIMALS, et al., | : | CIVIL ACTION |
| Petitioners, | : | |
| | : | |
| v. | : | No. 2:09-cv-5349 |
| | : | |
| U.S. NATIONAL PARKS MIKE CALDWELL, in | : | |
| his official capacity of superintendent of Valley | : | |
| Forge National Historic Park, et al., | : | |
| Respondents. | : | |
| | : | |

_____

**Goldberg, J.**                                                             **November 22, 2010**

## MEMORANDUM OPINION

Before the Court is Friends of Animals' (Petitioners) "Motion for Injunction Pending Appeal Pursuant to FED. R. CIV. P. 62(c)." For the reasons set forth below, we decline to grant injunctive relief pending appeal.

This action stems from Petitioners' challenge to the National Park Service's (Respondents) administrative decision to cull deer pursuant to its White-Tailed Deer Management Plan. Petitioners filed their complaint for declaratory and injunctive relief on November 12, 2009, and a motion for summary judgment on April 15, 2010. Respondents filed their cross-motion for summary judgment on May 11, 2010. On October 26, 2010, Petitioners filed a motion for preliminary injunction. The next day, October 27, 2010, we issued a Memorandum Opinion and Order granting Respondents' motion for summary judgment and denying Petitioners' motion for summary judgment. Petitioners' motion for a preliminary injunction was thus denied as moot.

On November 12, 2010, Petitioners filed a notice of appeal of our October 27, 2010, Opinion and Order and simultaneously filed a motion for an injunction pending that appeal pursuant to FED.

R. Civ. P. 62(c).  That motion is now before the Court.

Petitioners claim that they are entitled to an injunction pending appeal because it is likely that they will prevail on the merits given the Court's inaccurate application of the standard of review. Specifically, Petitioners allege that we erred in only applying the arbitrary and capricious standard, and in omitting other applicable standards in evaluating whether the National Park Service considered all the reasonable alternatives before it, pursuant to the National Environmental Policy Act (hereinafter "NEPA"), 42 U.S.C. § 4321, et seq.  Petitioners also claim that an injunction should be issued because they will suffer irreparable harm if the culling in Valley Forge continues.  (Pets.' Memo., pp. 3-6.)

Respondents strenuously object to this request alleging that Petitioners have delayed in presenting this motion.  Respondents also assert that the Court applied the correct standard of review, and that Petitioners cannot show irreparable harm because they are suggesting the same result by another method - culling by "natural predators," i.e., coyotes, instead of culling by sharpshooting.

Fed. R. Civ. P. 62(c) states that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's interests. . . . " In determining whether to grant an injunction pending appeal we must consider four factors: (1) Petitioners' likelihood of success on the merits; (2) the irreparable harm to Petitioners absent an injunction; (3) whether an injunction will harm Respondents; and (4) the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The party seeking relief bears a very high burden of persuasion.  F.T.C. v. Equitable Res., Inc., No. 07-490, 2007 WL 1500046, at * 1 (W.D.Pa. May 21, 2007).

In support of their argument regarding the likelihood of success on the merits, Petitioners claim that this Court applied the incorrect standard of review. Petitioners then rehash the same issues they raised in their summary judgment motion. (Pets.' Memo., pp. 3-6.) Under the appropriate standard of review pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), we carefully considered the arguments presented by both parties and the voluminous administrative record. As set forth in our October 27, 2010, Opinion:

> The court may only set aside a decision of the NPS if it is arbitrary and capricious, not in accordance with the law or an abuse of discretion. 5 U.S.C. § 706(2)(A). . . . In short, the reviewing court must determine whether the agency's decision making was reasoned, whether the agency considered the relevant factors, and whether those factors have some basis in the record. Nat'l Treasury Emps. Union v. Horner, 854 F.2d 490, 498 (D.C. Cir. 1988) (citations omitted).

Friends of Animals v. U.S. Nat'l Parks Caldwell, No. 09-5349, 2010 WL 4259753, at * 3 (E.D.Pa. Oct. 27, 2010). We thus disagree that the inappropriate standard of review was applied.

Given the lack of any new facts or change in controlling law, and for the same reasons set forth in our October 27, 2010, Memorandum Opinion, we also find that there is not a likelihood of success on the merits and this factor weighs against granting an injunction. See Sanofi-Aventis U.S. LLC v. Sandoz, Inc., No. 07-2762, 2009 WL 1968900, at * 2 (D.N.J. July 1, 2009) (court found that there was not a likelihood of success of the merits when the arguments in support of a motion for an injunction pending appeal were exactly the same arguments rejected by the court at summary judgment).

Petitioners further claim that an injunction is necessary to maintain the status quo and prevent the irreparable harm of losing their "personal and aesthetic interests in observing, photographing, and appreciating particular wildlife," - namely, the deer at Valley Forge. Petitioners similarly argue

that they are being irreparably harmed by road closures in the park, which have been established as

safety barriers necessary for the shooting.  (Pets.' Memo., pp. 7-10.)[1]

While the National Park Service has commenced with its plan to reduce the number of deer

in Valley Forge, this alone does not establish irreparable harm, particularly in light of Petitioners'

main argument at summary judgment, suggesting the infusion of coyotes.  Petitioners have never

advocated that this is a case about whether or not to cull the deer.  Rather, Petitioners have

challenged the method by which the deer population will be reduced and are the primary proponents

for another lethal method of reduction - introducing coyotes to eat the deer.  The two arguments

simply are not reconcilable in that Petitioners cannot suggest that it would be reasonable for the

National Park Service to introduce coyotes to "naturally reduce" the deer population, while also

arguing that the current cull (albeit by a different lethal means) is causing irreparable harm by

"removing" particular deer with which they have developed "special relationships."

We also reject Petitioners' claim that some road closures within the park are causing

Petitioners' irreparable harm.  While access to some parts of the park may be limited at times,

Petitioners have provided no evidence that access is so limited that the park is effectively closed and

therefore, they have not satisfied the heavy burden of persuasion in demonstrating irreparable harm

on that issue.

Finally, the Park Service's plan calls for a four year reduction in the deer population which

will result in a healthy herd size.  Consequently, there are and will continue to be deer in Valley

---

[1] Petitioners reliance on <u>Fund for Animals v. Norton</u>, 281 F.Supp.2d 209 (D.D.C. 2003), and <u>Fund for Animals v. Clark</u>, 27 F.Supp.2d 8 (D.D.C. 1998), in support of their irreparable harm argument is misplaced.  <u>Norton</u> concerned whether or not to kill swans, not how to kill them.  <u>Clark</u> is also distinguishable because the court in that case concluded that there was a NEPA statutory violation, which it weighed in finding irreparable harm.

Forge for Petitioners to appreciate throughout and at the conclusion of the plan. For these reasons, this factor weighs against granting an injunction.

Petitioners have not addressed the issue of possible harm to other interested parties. Nonetheless, we note that the National Park Service has commenced with the culling plan and has expended substantial resources to do so. (Resps.' Memo., pp. 2-3.) More importantly, further delay in fully implementing the plan will only exacerbate the damage to the vegetation in Valley Forge, which is the primary reason for the deer population reduction. Therefore, this factor also weighs against granting an injunction.

Finally, Petitioners maintain that an injunction supports the public interest because it allows the public to continue visiting and enjoying the beauty of Valley Forge. (Pets.' Memo., pp. 10-11.) The Park Service's plan only provides for the closure of roads and other limited areas as necessary to ensure the public's safety during the cull, which takes place at night. Thus, Petitioners' suggestion that visitors cannot enjoy the beauty of Valley Forge is simply untrue. The entire purpose of the plan is to protect and preserve the "beauty and recreational resources of the Park," which the deer are decimating. An injunction would not serve the public's interest as it would only further delay action which is necessary to bring the deer herd to a sustainable size and allow regeneration of the park's other natural resources for visitors to enjoy.

Petitioners have not met the heavy burden of demonstrating that the four factors under FED. R. CIV. P. 62(c), weigh in their favor. Accordingly, we will not issue an injunction pending appeal.

Our Order follows.